UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Stacy Lee Melican,
    Claimant

    v.

Andrew Saul, Commissioner,
Social Security Administration,
    Defendant

Case No. 18-cv-682-SM
Opinion No. 2019 DNH 149

**O R D E R**

Claimant, Stacy Lee Melican filed this action, challenging a decision by the Commissioner of the Social Security Administration denying her application for Disability Insurance Benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C. § 423. The Magistrate Judge issued a Report and Recommendation ("R&R") on June 12, 2019 (document no. 12), recommending that the Commissioner's decision be vacated, and the case remanded for further proceedings. The Commissioner then filed a timely Objection to the Report and Recommendation (document no. 13).

Having carefully considered the Magistrate Judge's Report and Recommendation, and the Commissioner's Objection, the court declines to adopt the recommendation, as explained below, and affirms the Commissioner's decision.

## Standard of Review

On referral of a dispositive motion, a magistrate judge issues proposed findings in a report and recommendation. 28 U.S.C. § 636(b)(1)(B). The parties then have an opportunity to object to the report and recommendation, and to respond to an objection. Fed. R. Civ. P. 72(b)(2). The district judge then conducts a de novo review of any part of the report and recommendation that has been objected to, and may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); accord Fed. R. Civ. P. 72(b)(3).

## Background

Melican challenged the ALJ's decision denying benefits on three grounds: (1) the ALJ erroneously included a light work capacity in her RFC, even though state agency consultant James Trice, M.D., opined that Melican possessed only a sedentary work capacity; (2) the ALJ failed to adequately address her upper extremity limitations as assessed by John Kane, APRN; and (3) the ALJ improperly discounted a New Hampshire Department of Health and Human Service determination concerning a claimed back impairment. The magistrate judge determined that remand was necessary because the ALJ did not "address Dr. Trice's

conclusion that Melican was limited to sedentary work, despite unhesitatingly accepting the other aspects of Dr. Trice's opinion." Document No. 12, at 6.

## **Discussion**

In his Objection, the Commissioner argues that the Magistrate's recommendation should not be adopted because it rests upon both factual and legal error. First, says the Commissioner, Dr. Trice did <u>not</u> opine that claimant was restricted to "sedentary" work. Rather, that "sedentary" designation was made by the non-physician disability adjudicator/examiner, Sharon Welch, who evaluated the vocational aspects of Melican's case. But, the Commissioner continues, even if Dr. Trice had so opined, such labels are not a critical part of the RFC assessment, which eschews broad exertional categories in favor of a function-by-function assessment. Finally, the Commissioner contends, even if the ALJ had adopted the disability examiner's "sedentary" label, that still would have no bearing on the substance of the decision.

The Commissioner's arguments are persuasive. First, the Commissioner is correct in noting that the record discloses that the "sedentary" designation was made by Welch as part of her vocational analysis, and not by Dr. Trice. In the Disability

3

Determination Explanation, Dr. Trice proposed specific functional limitations (limitations that were eventually adopted by the ALJ). See Administrative Record ("Admin. Rec.") at 64-66. The disability examiner, Welch, then evaluated those functional limitations from a vocational perspective, and assigned the "sedentary" designation.[1] Admin. Rec. at 68-70. Welch is not a "medical source," and therefore her "sedentary" designation was not a medical opinion. See, e.g., Stratton v. Astrue, 987 F.Supp.2d 135, 150–51 (D.N.H. 2012). See also Chambers v. Colvin, No. 16-CV-087-LM, 2016 WL 6238514, at *6 (D.N.H. Oct. 25, 2016; Levesque v. Colvin, No. 13-CV-298-JL, 2014 WL 4531743, at *1 (D.N.H. Sept. 11, 2014).

Even if Welch's sedentary designation could be considered a medical opinion, classification of an RFC as "sedentary" is an issue reserved to the Commissioner. See 20 C.F.R. § 404.1527. See also 20 C.F.R. § 404.1546 ("If your case is at the administrative law judge hearing level or at the Appeals Council review level, the administrative law judge or the administrative appeals judge at the Appeals Council (when the Appeals Council makes a decision) is responsible for assessing your residual functional capacity.").

---

[1] Notably, Welch determined that Melican was "not disabled" with a sedentary work capability. Admin. Rec. at 69.

4

The ALJ found that claimant retained the RFC to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) allowing for lifting 20 pounds occasionally and 10 pounds frequently; standing and/or walking 2 hours in an 8 hour work day; sitting 6 hours in an 8 hour workday; unlimited use of her hands and feet to operate controls and push and pull; she should never climb ladders, scaffolding, or ropes; she can frequently balance; and she can occasionally climb ramps/stairs, stoop, kneel, crouch, and crawl; she has no limitation on reaching, handling or feeling; but she is limited to frequent fingering. She has the ability to understand, remember, and carry out limited instructions [limited from detailed instructions]; her persistence and pace may be affected on a temporary basis but not to an unacceptable level; she would not be off task more than 10% of the day; and she could sustain concentration, persistence, and pace during the typical 2 hour periods of an 8-hour workday and a 40 hour work-week.

Admin. Rec. at 24. As mentioned, the ALJ adopted the lifting/carrying, standing, walking, pushing and pulling limitations as found by Dr. Trice. And, the ALJ determined that those limitations fell between sedentary and light exertional level work. Admin. Rec. at 33 ("the claimant's ability to perform all or substantially all of the requirements of [light] work has been impeded by additional limitations"). In light of those restrictions, and based on the testimony of the vocational expert, the ALJ concluded that claimant was not capable of performing her past relevant work. Admin. Rec. at 32.

"Once [an] applicant has met his or her burden at Step 4 to show that he or she is unable to do past work due to the significant limitation, the Commissioner then has the burden at Step 5 of coming forward with evidence of specific jobs in the national economy that the applicant can still perform." Seavey v. Barnhart, 276 F.3d 1, 5 (1st Cir. 2001) (citations omitted). In certain circumstances, an ALJ may apply the Medical-Vocational Guidelines (the "Grid") set forth in 20 C.F.R. Part 404, Subpart P, Appendix 2, which "mandate a specific conclusion with respect to whether a claimant is disabled." Foxworth v. Colvin, 249 F. Supp. 3d 585, 587 (D. Mass. 2017). The Grid takes into account the claimant's exertional capacity, age, education, and prior work experience, and, based on those factors, "directs a conclusion as to whether the individual is or is not disabled." Seavey, 276 F.2d at 5 (quotation omitted).

However, in those situations, such as here, where a claimant's RFC falls between exertional ranges of work, the Medical-Vocational Guidelines (the "Grids") are not dispositive. Stephens v. Barnhart, 50 Fed. Appx. 7, 10 (1st Cir. 2002) ("If the ALJ's finding that Stephens was capable of some medium work is sustainable, Stephens' RFC would fall between two exertional ranges, thereby rendering the Grids inconclusive."). In such situations, "a vocational expert ought to be consulted." Silva

6

v. Berryhill, 263 F. Supp. 3d 342, 349 (D. Mass. 2017) (citing SSR 83-12, 1983 WL 31253, at *2).

That is what the ALJ did in this case, posing to the vocational expert a hypothetical that incorporated an accurate assessment of the claimant's impairments and functional limitations. See Admin. Rec. at 52-54. And, the ALJ was entitled to rely upon the vocational expert's expertise in concluding that the claimant was capable of performing the jobs the expert identified. See, e.g. Putnam v. Astrue, No. 10-cv-371-SM, 2011 WL 3320518, at *5 (D.N.H. Aug. 1, 2011). The court can find no error in that procedure or finding.

Remand was recommended based upon the Disability Determination Explanation and Dr. Trice's opinion, and, therefore, did not reach claimant's additional arguments. The court, however, has considered claimant's additional arguments, and finds them unpersuasive. The ALJ's decision is supported by substantial record evidence, and so must necessarily be sustained.

**Conclusion**

This court's review of the ALJ's decision is both limited and deferential. The court is not empowered to consider

7

claimant's application de novo, nor may it undertake an independent assessment of whether she is disabled under the Act. Rather, the court's inquiry is "limited to determining whether the ALJ deployed the proper legal standards and found facts upon the proper quantum of evidence." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999). Provided the ALJ's findings are properly supported by substantial evidence — as they are in this case — the court must sustain those findings <u>even when there may also be substantial evidence supporting the contrary position</u>. Such is the nature of judicial review of disability benefit determinations. See, e.g., Tsarelka v. Secretary of Health & Human Services, 842 F.2d 529, 535 (1st Cir. 1988) ("[W]e must uphold the [Commissioner's] conclusion, even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence."); Rodriguez v. Secretary of Health & Human Services, 647 F.2d 218, 222 (1st Cir. 1981) ("We must uphold the [Commissioner's] findings in this case if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion.").

Having carefully reviewed the administrative record and the arguments advanced by both the Commissioner and claimant, the court necessarily concludes that there is substantial evidence in the record to support the ALJ's determination that claimant

was not "disabled," as that term is used in the Act, at any time prior to the date of her decision.

For the foregoing reasons, as well as those set forth in the Commissioner's legal memoranda, claimant's motion to reverse the decision of the Commissioner (document no. 8) is denied, and the Commissioner's motion to affirm her decision (document no. 11) is granted. The Clerk of the Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

September 9, 2019

cc: All counsel

9